**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 70-298-CIV-T** |
| | ) | **3:70-cv-00636-TJC-PDB** |
| **PASCO COUNTY SCHOOL DISTRICT, et al.,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| _______________________________________ | / | |

## <u>JOINT STIPULATION OF DISMISSAL WITH PREJUDICE</u>

Plaintiff, UNITED STATES OF AMERICA, and Defendant, PASCO COUNTY SCHOOL DISTRICT, through their respective undersigned counsel, hereby jointly stipulate to the dismissal of all claims against Defendant PASCO COUNTY SCHOOL DISTRICT with prejudice, with each party to bear their own expenses, attorneys' fees, and costs, in accordance with Rule 41(a)(1)(A)(ii), Federal Rules of Civil Procedure.

### <u>Procedural History</u>

The parties wish to acknowledge the November 7, 1973 Order, which expressly dissolved the August 5, 1970 regulatory injunction and closed the action "as an active case of this Court." However, the case was not closed as to Defendant PASCO COUNTY SCHOOL DISTRICT, which remained under the

Court's jurisdiction for the past fifty-one (51) years. A copy of the November 7, 1973 Order and a copy of the docket are attached hereto as Exhibits A and B, respectively.

**Unitary Status**

The Parties stipulate that the Defendant PASCO COUNTY SCHOOL DISTRICT has eliminated the vestiges of the prior *de jure* segregation to the extent practicable and achieved unitary status. This Joint Stipulation of Dismissal with Prejudice extinguishes all claims which were brought, or which could have been brought, by Plaintiff against Defendant PASCO COUNTY SCHOOL DISTRICT. Accordingly, the Parties respectfully request that this case be closed as it applies to Defendant PASCO COUNTY SCHOOL DISTRICT.

Respectfully submitted this 7th day of August, 2025.

*For Plaintiff United States of America:*

*For Defendant Pasco County School District:*

HARMEET K. DHILLON

Assistant Attorney General
United States

*/s/ Peter Feaman*
GREGORY BROWN
Deputy Assistant Attorney General
PETER FEAMAN
Senior Counsel
Florida Bar No. 260347
U.S. Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530
(202) 532-4475

*Counsel for Plaintiff*

*/s/ Amy D. Envall*
Amy D. Envall, Esquire
Florida Bar Number: 735469
**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Phone: (850) 205-1996
Fax: (850) 205-3004
E-mail: aenvall@sniffenlaw.com

*Counsel for Defendant*

Exhibit A

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,
Plaintiff,

v.

BAKER COUNTY SCHOOL DISTRICT, et al.,
Defendants.

CIVIL ACTION NO. 70-298-CIV-T
(Pasco County School District)

ORDER

NOV 7 - 1973

The parties, by and through their counsel, having agreed to entry of the following order, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. The detailed regulatory injunction issued by this Court on August 5, 1970, is dissolved.

2. The defendant school district is permanently enjoined from operating a dual system of racially identifiable schools. In addition, operation of the defendant school district shall be subject to the following provisions:

a. Defendants shall take no action which tends to segregate students or faculty by or within schools on the basis of race, color, or national origin.

RECEIVED BY
U.S. ATTORNEY
MIDDLE DISTRICT OF FLORIDA
NOV 9 1973
TAMPA

169-17M-11

b. Staff members who work directly with children, and professional staff who work on the administrative level will be hired, assigned, promoted, paid, demoted, dismissed, and otherwise treated without regard to race, color, and national origin.

c. The school district shall permit a student attending a school in which his race is in the majority to choose to attend another school, where his race is in the minority. Any student transferring under this arrangement must be provided with free transportation and space must be made available in the school to which he desires to move.

d. Bus routes and the assignment of students to buses will be designed to insure the transportation of all eligible pupils on a nonsegregated and otherwise non-discriminatory basis.

e. All school construction, school consolidation, and site selection (including the location of any temporary classrooms) in the system shall be done in a manner which will prevent the reoccurrence of the dual school structure.

f. If the school district grants transfers to students living in the district for their attendance at public schools outside the

district, or if it permits transfers into the district of students who live outside the district, it shall do so on a non-discriminatory basis, except that it shall not consent to transfers where the cumulative effect will reduce desegregation in either district.

3. This action is hereby closed as an active case of this Court subject to being reopened on proper application by any party, or on the Court's motion, should it appear that further proceedings are necessary.

Done this 7th day of November, 1973.

WM. TERRELL HODGES
UNITED STATES DISTRICT JUDGE

Approved as to form and content:

[signature]
Attorney for Defendants

[signature]
Attorney for Plaintiff

Exhibit B

#70-298-Civ. T. CLOSED #70-298-Civ. T

| DATE | PROCEEDINGS | Date Order Judgment N. |
|---|---|---|
| 1970 | | |
| July 10 | Complaint filed in Jacksonville, Fla. and Application for Order Pendente Lite. | |
| 10 | Order of Court in re school plans-on or before July 20,1970 as to agreements which have been made; where there is no agreement parties file with Court on or before July 24,1970 suggested plans. Court will hold hearings during week of Aug.1,1970. | |
| 21 | Order of Transfer to Tampa Division as to Pasco County. | |
| 20* | Report of Pasco Co. School District and Chester W. Taylor,Jr. Supt. (filed in Jax.) | |
| 17* | " " the United States. (filed in Jax.) | |
| 23 | A Report to the Superintendent. | |
| Aug. 5 | Consent decree and Order that student assignment plan submitted by Pasco Co. School Dist. to which U.S. has no objection, attached as Appendix A is approved :& shall be implemented by dfts. commencing with 1970-71 school year; provisions re faculty desegregation, etc. set out in Appendix B are adopted & commence with 1970-71 school year; dft. school dist. to file report with Court by Oct. 1, 1970 re racial composition, etc.; Court to retain jurisdiction. (Copies to G. Dayton & Buckley) | R-50 |
| Sept. 21 | Report of school racial composition filed by dfts. in response to order of Court of Aug. 5, 1970. | |
| Dec. 8 | Supplemental report of school filed by dft., School Board of Pasco Co., Fla., attached exhibits (in separate envelope) | |
| 1973 | | |
| Oct. 29 | Joint motion for order re-segregation. | |
| Nov. 7 | Order re-segregation. | R-58 |
| -- | (copies sent) | |