**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA JACKSONVILLE DIVISION**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.** **Case No. 3:70-CV-636-TJC-PDB**

**BAKER COUNTY SCHOOL DISTRICT, FLAGLER COUNTY SCHOOL DISTRICT, *et al.*,**

**Defendants.**

_____________________________________________/

## JOINT STATUS REPORT PURSUANT TO COURT ORDER

Plaintiff the United States of America (the United States) and Defendant Flagler County School District (the District) (together, the Parties) respectfully submit this Joint Status Report pursuant to the Court's Endorsed Order dated August 28, 2025. ECF No. 115.

On August 20, 2025, the Parties filed a Joint Motion for Unitary Status. ECF No. 114. On August 28, 2025, the Court issued an Endorsed Order directing the Parties to file no later than September 30, 2025: (1) a copy of the June 5, 1972, Consent Decree and Order; (2) the District's annual reports filed between 1971 and 1988; (3) an explanation as to why those reports were not

filed thereafter; and (4) any other pertinent filings.[1] ECF No. 115. The Parties report on the status of the documents requested by the Court as follows.

**1. The June 1972 Consent Decree and Order**

In their Joint Motion for Unitary Status, the Parties mistakenly reference the Court's "June 5, 1972" Consent Decree and Order. ECF No. 114 at 2. The Consent Decree and Order was in fact issued by the Court on June 1, 1972.[2] Attached hereto as **Exhibit 1** is a copy of the Court's June 1, 1972, Consent Decree and Order.

**2. The District's Annual Reports Filed Between 1971 and 1988**

The Court's paper docket sheet for this matter documents activity on the case from its inception in July 1970 until December 2003, when the Court adopted Electronic Case Filing. Docket Sheet, ECF No. 98-1. According to the paper docket sheet, the District regularly filed status reports with the Court and the United States between June 22, 1971, and April 8, 1988. *See id.* at 3-7.

In an effort to comply with the Court's August 28th Order, the Parties searched their respective digital and hardcopy files for copies of the District's status reports from this time period. The District reached out to individuals

[1] The Court also directed the Parties to email to chambers a Word version of a joint agreed proposed Order on their Joint Motion for Unitary Status, which the Parties sent on September 16, 2025. ECF No. 115.
[2] The United States received and file-stamped the Consent Decree and Order on June 5, 1972.

who served as legal counsel during the relevant time period; however, they were unable to provide any additional information beyond what is already known. The United States also requested Department of Justice records related to this action from the Federal Records Center (FRC) in Atlanta, Georgia, where historical administrative records of agency actions in the State of Florida are stored. The United States' records indicate that its paper files for this matter were sent to the FRC several decades ago. On September 22, 2025, the FRC informed the United States that the boxes containing paper files for this matter cannot be located.[3]

Despite their diligent efforts to locate the District's 1971-1988 annual reports, the Parties are only able to provide the Court with the following seven District reports:

- District report dated April 13, 1979 (attached hereto as **Exhibit 2**)
- District report dated October 12, 1979 (attached hereto as **Exhibit 3**)
- District report dated April 15, 1980 (attached hereto as **Exhibit 4**)
- District report dated October 13, 1980 (attached hereto as **Exhibit 5**)
- District report dated April 13, 1981 (attached hereto as **Exhibit 6**)
- District report dated April 1981 (attached hereto as **Exhibit 7**)
- District report dated October 13, 1981 (attached hereto as **Exhibit 8**)

[3] FRC personnel advised the United States that the missing paper files for this matter might have been sent to the National Archives and Records Administration (NARA) in College Park, Maryland, and that records in the possession of NARA can only be searched for and viewed in-person at their archives.

**3. The Absence of District Annual Reports after 1988**

Due to the long passage of time and dearth of historical paper files in this case, the Parties are unable to provide the Court with a definitive explanation as to why the District ceased filing annual reports after April 8, 1988, the date of the last District report recorded on the Court's paper docket sheet. Docket Sheet at 7. The Parties believe that after the Court removed this case to the inactive docket on May 7, 1980, the administrative priorities of the United States shifted to other matters and, over the course of numerous changes in counsel for both Parties, this case became fully dormant.

The Parties' contemporary records document the United States reestablishing contact with the District and requesting information in August of 2016. Since then, the District has sent the United States several rounds of information related to the *Green* factors, and the United States visited each of the District's schools and interviewed District administrators in 2018.

## 4. Other Pertinent Filings

Attached hereto as **Exhibit 9** is a copy of the Court's April 28, 1971, Order in this case. The parties did not locate any other documents that appear to be pertinent to the Court's consideration of the Parties' Joint Motion for Unitary Status.

* * *

Respectfully submitted on this 29th day of September, 2025.


*For Plaintiff United States of America:*

HARMEET K. DHILLON

Assistant Attorney General
United States

*/s/ Peter Feaman*
PETER FEAMAN
Senior Counsel
Florida Bar No. 260347
PETER W. BEAUCHAMP
Senior Trial Attorney
U.S. Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530
(202) 532-4475

*For Defendant Flagler County School District:*

*/s/ Amy D. Envall*
**Amy D. Envall, Esquire**
Florida Bar No. 735469
**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Phone: (850) 205-1996
Fax: (850) 205-3004
E-mail: aenvall@sniffenlaw.com